IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | CV 14-70-BU-DWM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

Defendant Federal Bureau of Investigation moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons discussed, the Court recommends the motion be granted and this action be dismissed.

## I.　**BACKGROUND**

Plaintiff David Braun, appearing pro se, commenced this action under the Privacy Act of 1974, 5 U.S.C. §§ 552a *et seq.*, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Although Braun's complaint includes allegations covering a wide variety of matters, the core of his claims, and his sole prayer for

1

relief, allege that the Department of Justice failed to release to him all of the information he requested. And he seeks an award of monetary damages under 5 U.S.C. § 552a(g)(4)(B).

Braun's complaint begins by referring to 9 civil lawsuits in various state and federal courts in which he has been involved. He apparently made discovery requests in the referenced cases regarding alleged electronic surveillance on his cell phone and email accounts, speeding tickets he has received, Montana medical review board hearings, alleged inappropriate inquiries with his prior employers, and the existence of other individuals purportedly residing at his mailing address.

Braun asserts he made an unidentified request for information from the Department of Justice. Although not expressly explained by Braun, it appears the information he requested may have pertained to the referenced 9 civil cases. Braun cites to the Department's response to his request (a copy of which is attached to his complaint) and that response, however, reflects that the Department fully released all documents it had in its possession which were responsive to Braun's request. (Doc. 1-1 at 4 of 25.) Nonetheless, Braun complains the Department "did not release any more information[.]" (Doc. 1 at 3 of 4.)

Braun alleges that with respect to all his civil matters "[n]o discovery has been provided," and he has "not received any kind off [sic] civil relief[.]" (Doc. 1

at 3 of 4.)  Braun contends that if the Court were to review information which the Department of Justice allegedly withheld it would conclude that the Department violated both the Privacy Act and FOIA rendering the Department liable to him for compensatory damages.

## II. APPLICABLE LAW

### A. Jurisdiction – Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1), Fed. R. Civ. P., provides the proper procedure for challenging the existence of a court's jurisdiction.  A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it "must draw all reasonable inferences in [plaintiff's] favor." *Id*. *See also Whisnant*

v. *United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

The plaintiff bears the burden of proving the existence of jurisdiction in response to a challenge under Rule 12(b)(1). *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

### B. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### C. Pro Se Pleadings

Because Braun is proceeding pro se the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less

4

stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**III.     DISCUSSION**

The Department of Justice moves to dismiss this action on the ground that it enjoys sovereign immunity from the claims as pled by Braun, and that this action is subject to dismissal for lack of jurisdiction. It further argues that to the extent sovereign immunity is inapplicable, Braun's allegations fail to state a claim upon which relief can be granted.

Even with liberal construction of Braun's allegations in his complaint, the Court finds his pleading is clearly drafted to request only an award of compensatory damages. Braun does not request that the Court order the Department of Justice to release further information that it wrongfully withheld from him. Significantly, as noted, the Department's response fully released all the documents it possessed, and did not withhold any information or documents from Braun. (Doc. 1-1 at 4 of 25.) Consequently, in view of Braun's claim for monetary relief, the Court agrees sovereign immunity precludes Braun's claims under the Freedom of Information Act, and his allegations fail to state a claim for

5

relief under the Privacy Act.

### A. <u>Sovereign Immunity</u>

The doctrine of sovereign immunity "shields the United States from suit absent a consent to be sued[, or waiver of sovereign immunity,] that is 'unequivocally expressed[]'" in the text of a federal statute. *United States v. Bormes*, ___ U.S. ___, 133 S. Ct. 12, 16 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). The immunity extends to the agencies of the United States. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). A court's jurisdiction over any suit against the United States may be based only upon "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Jachetta*, 653 F.3d at 903 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The party asserting a claim against the United States bears the burden of identifying an unequivocal waiver of immunity. *United States v. Park Place*

*Associates Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

B. **Freedom of Information Act**

The Freedom of Information Act (FOIA) requires federal agencies to disclose public information upon a citizen's request unless the information falls within exemptions from disclosure identified in 5 U.S.C. § 552(b). 5 U.S.C. § 552(a)(1), (2) and (3); *Oregon Natural Desert Association v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). Where an agency refuses to produce requested information FOIA permits an aggrieved party to file a civil action in federal district court requesting the court order the agency to produce the information. 5 U.S.C. 552(a)(4)(B).

Braun does not, however, request the Court order the Department of Justice to produce further documents in response to his FOIA request. Instead, he requests an award of monetary relief for damages he has allegedly sustained. But there exists no provision under FOIA which permits the court to award compensatory or money damages with respect to a FOIA claim. The only remedy provided under FOIA is the injunctive relief available at 5 U.S.C. § 552(a)(4)(B), and FOIA does not permit an award of monetary damages. *Davis v. Attorney General*, 526 F. Supp. 2d 156, 159 (D.D.C. 2008) (citing *Johnson v. Executive Office of the United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Thus,

the United States retains sovereign immunity against Braun's claim for money damages under FOIA, and the claim is subject to dismissal for lack of jurisdiction. The Department of Justice's motion should be granted in this respect.

### C. <u>Privacy Act of 1974</u>

In general, the purpose of the Privacy Act is "to 'protect the privacy of individuals' through regulation of the 'collection, maintenance, use, and dissemination of information' by federal agencies." *Rouse v. United States Department of State*, 567 F.3d 408, 413 (9th Cir. 2009) (citation omitted). The Privacy Act provides civil remedies to individuals aggrieved by a federal agency's failure to comply with the requirements of the Act. *Id*. Specifically, the Privacy Act permits two types of legal claims: (1) claims challenging the accuracy of information maintained by an agency (5 U.S.C. §§ 552a(e)(5) and (6), and 552a(g)(1)(C)); and (2) claims seeking access to information maintained by an agency (5 U.S.C. §§ 552a(d)(1) and 552a(g)(1)(B)). *Id*. at 413-414.

Braun requests an award of monetary damages under the Privacy Act. But for the reasons discussed his allegations do not fall within the very limited provisions of the Privacy Act which authorize an award of damages.

The Privacy Act provides for an award of a plaintiff's "actual damages", but only with respect to Privacy Act claims asserted under 5 U.S.C. § 552a(g)(1)(C)

8

and (D). 5 U.S.C. § 552a(g)(4). The referenced subsections (C) and (D) permit a plaintiff to bring a civil action whenever a federal agency:

> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual[.]

5 U.S.C. § 552a(g)(1)(C) and (D). The Privacy Act then provides that "[i]n any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual" for actual damages, costs and fees. 5 U.S.C. § 552a(g)(4).

To state a claim under these provisions of the Privacy Act for the recovery of actual damages, a plaintiff must allege "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rouse v. United States Department of State*, 567 F.3d 408, 417 (9th Cir. 2009) (citations omitted)

(referring to claims under 5 U.S.C. § 552a(g)(1)(C) and (D)).  Significantly, to state a claim for relief the allegations must demonstrate a causal connection between either an agency's failure to maintain accurate records or an agency's violation of a provision of the Privacy Act, and the plaintiff's resulting damages. *Id*.

Braun's allegations do not attempt to satisfy the elements of a claim under subsections 552a(g)(1)(C) or (D).  Braun does not challenge the Department of Justice's involvement with respect to the accuracy of any information it possesses about him, does not allege the Department intentionally or willfully failed to disclose information or to satisfy its accuracy obligations under the Privacy Act, and does not allege the existence of a causal connection between the Department's alleged acts or omissions and Braun's damages, i.e. that any conduct committed directly by the Department caused Braun's damages.  Although Braun alleges he has sustained damages in the form of health issues and employment losses, he does not assert that the Department is responsible for causing those injuries. Rather, taken in their proper context, Braun's allegations indicate he suffered those injuries as a result of the wide variety of matters and events in his life that were apparently at issue in numerous civil lawsuits, not as a result of anything the Department of Justice did.

In sum, although Braun's allegations establish that the Department of Justice fully disclosed all of the information it possessed, he nevertheless contends the Department is still liable for his damages. But those limited allegations are insufficient to state a claim for recovery of monetary damages under subsection 552a(g)(4). *See Rouse*, 567 F.3d at 418 (affirming dismissal of claims for monetary damages under the Privacy Act for failure to sufficiently allege a causal connection and, therefore, failing to state a claim upon which relief could be granted). The Department's motion should be granted in this respect.[1]

## IV.  CONCLUSION

Based on the foregoing, the Court recommends that the Department of Justice's motion to dismiss be GRANTED and this action be DISMISSED. Braun's claims for monetary damages under FOIA are barred by sovereign immunity and the Court's resulting lack of jurisdiction. And Braun's claim for monetary relief under the Privacy Act are insufficient to state a claim upon which

---

[1]The Department of Justice further argues that Braun's complaint fails to state a cognizable claim for relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, and that any purported claim under the FTCA should be dismissed. But the Court finds that Braun's pleading does not assert a claim under the FTCA. His complaint advances claims only under FOIA and the Privacy Act. Therefore, this aspect of the Department's motion should be denied as moot.

relief could be granted.

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). A pro se action is subject to dismissal without leave to amend if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

Here, Braun's allegations and exhibits incorporated into his complaint establish that the Department of Justice fully released to him all of the documents it possessed. Therefore, since the Department did not withhold any documents from Braun, he is unable to amend his pleading to allege the Department of Justice intentionally or willfully withheld documents or information from him as required to state a claim for monetary relief under the Privacy Act. Any amendment would be futile and, therefore, this action should be dismissed with prejudice.

DATED this 23rd day of February, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge